ETHEL C. BUGLASS, PLAINTIFF-RESPONDENT, v. HERBERT F. WEBER, DEFENDANT-APPELLANT.

Submitted May 26, 1924—Decided August 15, 1924.

Contracts—Agreement to Share in Cost of Municipal Improvement Under Specified Pending Ordinance—Ordinance Not Passed but Subsequently Improvements Were Made Under Another Authority—Liabilities of Contracting Party.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Mackay & Mackay.*

For the respondent, *Maley & Maley.*

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff in the Third District Court of Bergen county. The action was to recover half of a municipal assessment on property in the borough of Leonia, upon an agreement reading as follows:

"The party of the first part hereby agrees to pay fifty per cent. (50%) of any assessment for the regulating and grading of Hillside avenue and Overlook terrace, an ordinance for which is now before the council of Leonia, New Jersey, within ninety (90) days after bill is rendered therefor."

The plaintiff had purchased the property at the southwest corner of Hillside court and Overlook terrace, in the borough of Leonia, and, as part of the agreement of purchase, the vendor agreed to certain undertakings respecting the buildings on the ground, and made the agreement above recited. The then pending ordinance was never passed, but two years later another ordinance was passed and assessments made thereunder. Construing the agreement as contemplating the payment of an assessment for improvements whenever made, the plaintiff, on receiving the bill, paid one-sixth of the assessment made under the later ordinance, and brought suit for one-half of the whole assessment upon the undertaking of the defendant.

Construing the agreement as presenting a latent ambiguity, the trial court received evidence of the intention of the parties, and upon the conclusion of the case, submitted the construction of the agreement in writing as qualified and explained by parole testimony to the jury. Whereupon the jury found for the plaintiff, and, on their finding, judgment was entered. We cannot assent to the view taken by the trial court. If ambiguity existed at all, it is upon the face of the agreement and not in its application to any extraneous facts. Any uncertainty of meaning, if there be such, appears in the language of the agreement itself. Being a latent ambiguity, if any, the agreement was for the court's interpretation, and could not be supplemented by evidence of the intention of the parties, nor submitted to the jury. It is true that in cases both within the state and in other states of the union, the courts will look into the facts and circumstances surrounding the making of an agreement as they may exist to clarify the meaning that may be otherwise obscure (*Fletcher* v. *Interstate Chemical Co.*, 95 *N. J. L.* 543); but it will never

permit the agreement itself to be altered or changed by the conversations of the parties. In the case before us we think that the agreement is neither ambiguous nor uncertain, but in meaning quite clear. The plaintiff was purchasing a property upon a street on which the improvements had not been made. The seller, as is not unusual, with a desire of effecting a sale, was proposing to pay a portion of those improvements, and in order to identify the character of the improvements and the conditions upon which they would be shared by the seller, stipulated that he would pay for one-half of the assessments within ninety days after the bill be rendered therefor, upon the making of the improvements in accordance with the terms of the pending ordinance. We think the agreement leaves no doubt upon this point. The ordinance and its terms were before the parties; they knew under them the character of the improvements, the materials of which they should be made, and the probable cost. This might, and probably would, vary in a subsequent ordinance and at a subsequent time. We cannot think that the parties contemplated an indefinite promise in the future to share any class of improvements, and at any cost that might accrue in course of time. There is another difficulty in the way of the conclusion reached by the court below. By the terms of this agreement, leaving out the ordinance, if the judgment is to be sustained, it creates an indefinite obligation on the seller to pay, and there is nothing in the agreement to prevent this payment from being repeated as often as improvements might be required. Its language is to pay any assessment, and, leaving out the reference to the ordinance, would read as follows: "The party of the first part agrees to pay fifty per cent. of any assessment within ninety days after bill is rendered therefor." Such, of course, was not the intention of the parties.

Inasmuch as the ordinance was never passed, no assessment was ever made under it, and the plaintiff was not entitled to recover upon an assessment made under what may have been an entirely different ordinance passed two years later. Thus, viewing the fundamental question in the case,

it is unnecessary to pass upon another point raised to the effect that the action was premature for any but a small part of the assessment then due.

The judgment will be reversed.